BLD-217                                                                                              May 28, 2015
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **14-2941**

IN RE: NOMINATION PETITION OF MEL M. MARIN
FOR THE DEMOCRATIC NOMINATION FOR MEMBER
OF CONGRESS IN THE 3RD CONGRESSIONAL DISTRICT

    Mel M. Marin, Appellant

    (M.D. Pa. Civ. No. 1-14-cv-00669)

Present:    AMBRO, JORDAN and KRAUSE, Circuit Judges

    Submitted are:

    (1)    By the Clerk for possible dismissal due to a jurisdictional defect;

    (2)    Appellant's motion to reopen appeal, which may be construed also as a motion for reconsideration of the Clerk's Order entered August 19, 2014; and

    (3)    Appellant's motion for leave to appeal in forma pauperis and affidavit in support thereof, under Rule 24, Federal Rules of Appellate Procedure

    in the above-captioned case.

                              Respectfully,

                              Clerk

MMW/EGL/smw

_____ORDER_____

    Appellant's motion to reopen this appeal, which may be construed also as a motion for reconsideration of the Clerk's Order entered August 19, 2014, is denied. Despite appellant's assertion to the contrary, the District Court denied his motion for leave to proceed in forma pauperis ("IFP") (ECF No. 6), so appellant was required either to pay the filing and docketing fees for this appeal or apply for leave to proceed IFP in this Court. See Fed. R. App. P. 24(a)(5). The Clerk was authorized to dismiss this

appeal when appellant failed to do so.  See 3d Cir. L.A.R. 3.3(a), 107(a) (2010).  We are not persuaded by appellant's argument that he lacked notice of the opening of this appeal and the requirement that he pay the fees or seek leave to proceed IFP, and he has not otherwise shown good cause for reopening this appeal.  See 3d Cir. L.A.R. 107.2(a) (2010).  In particular, appellant is an experienced litigant who has filed many appeals and other proceedings IFP in this Court and who is well aware that the filing of a notice of appeal results in the opening of an appeal for which he is required either to pay the fees or move for leave to proceed IFP.  The Clerk sent notice of that requirement to appellant's address of record, and appellant's claim that he did not receive it is belied by the fact that he knew to file his motion for reopening/reconsideration just days after the Clerk sent the order of dismissal to the same address of record.  This appeal will remain closed, and we take no action on appellant's belated IFP motion.

                By the Court,

                s/ Cheryl Ann Krause
                Circuit Judge

Dated: June 5, 2015
tmm/cc: Mel M. Marin